EDWARDS ANGELL PALMER & DODGE LLP
One Giralda Farms
Madison, New Jersey 07940
Ph. (973) 520-2300
Fax (973) 520-2600
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNOMA NWABUOKU,<br><br>             Plaintiff,<br><br>     vs.<br><br>CVS CAREMARK CORPORATION, a<br>Massachusetts Corporation, and XYZ<br>Corporations 1-10, (said names being<br>fictitious),<br><br>             Defendant. | Civil Action No.<br><br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

To:     William T. Walsh, Clerk
        United States District Court, District of New Jersey
        Clarkson S. Fisher Building & U.S. Courthouse
        402 East State Street, Room 2020
        Trenton, NJ 08608

SIR:

        Pursuant to 28 U.S.C. §§1441 and 1446, and for the sole purpose of removing this matter

to the United States District Court of the District of New Jersey, defendant CVS Pharmacy, Inc.

(improperly pleaded as "CVS Caremark Corporation") ("CVS" or "Defendant") states as

follows:

## State Court Action

        1.      Plaintiff Unoma Nwabuoku filed this action against CVS in the Superior Court of

New Jersey, Essex County, Docket No. ESX-L-5946-11.  On August 1, 2011, plaintiff's counsel

sent a Summons, Complaint, and Civil Case Information Statement to Richard M. DeAgazio, Esq. at Edwards Angell Palmer & Dodge LLP via electronic mail and requested that Mr. DeAgazio agree to accept service on behalf of CVS. Annexed hereto as <u>Exhibit A</u> are true and correct copies of the Summons, Complaint and Civil Information Statement that were received by counsel for CVS.

2.      Mr. DeAgazio acknowledged service of the Summons and Complaint on August 1, 2011. Annexed hereto as <u>Exhibit B</u> is a true and correct copy of the Acknowledgement of Service dated August 1, 2011.

3.      In this lawsuit, plaintiff Unoma Nwabuoku ("Nwabuoku" or "Plaintiff"), a former pharmacy technician, alleges that she was sexually harassed, discriminated against on the basis of her gender, race, color, and/or national origin, retaliated against, and wrongfully terminated, all allegedly in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. ("NJLAD"). Plaintiff further alleges she was subjected to a hostile work environment. <u>See</u> Exhibit A, Complaint.

## <u>Diversity Jurisdiction</u>

4.      This Court has subject matter jurisdiction in this case based upon diversity of citizenship. <u>See</u> 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* § 1332(a)(1). Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case.

### a. <u>Citizens of Different States</u>

5.      First, complete diversity of citizenship exists between Plaintiff and Defendant.

NWK 240266.1

6.      At the time of filing of the Complaint, and at the time of removal, Plaintiff was, and is, a resident of the state of New Jersey, having her permanent domicile in the City of Newark, located in Essex County, New Jersey.  See Exhibit A, Complaint, initial paragraph.

7.      At the time of filing of the Complaint, and at the time of removal, Defendant CVS Pharmacy, Inc. was, and is, a corporation organized under the laws of the state of Rhode Island, with its principal place of business in Woonsocket, Rhode Island.  Annexed hereto as Exhibit C is a true and correct copy of CVS Pharmacy, Inc.'s Articles of Incorporation.

8.      Therefore, the parties are citizens of different states.

b.  Amount in Controversy

9.      Second, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  In her Complaint, Plaintiff alleges she suffered "severe financial hardships, as well as severe emotional pain, suffering, mental trauma, and humiliation" and "substantial loss of income and other pecuniary harm, diminishment of career opportunity, business reputation, loss of esteem, physical injury, disruption of her personal life, emotional distress, trauma and anxiety and other irreparable harm, pain and suffering." See Exhibit A, Complaint, ¶¶ 57, 59, 69, 80.  As a result of these alleged injuries, Plaintiff requests the following relief:  (1) damages for "lost past and future wages, bonuses, employee benefits"; (2) damages for "emotional distress, pain and suffering, humiliation" and other damages, which are recoverable under the NJLAD; (3) punitive damages for "egregious" conduct (which are also recoverable under NJLAD without any "cap"); and (4) attorney's fees.  See Complaint, ¶¶ 57-59 and WHEREFORE clauses.

10.     At the time of her termination, plaintiff's annual salary was approximately $11,000 per year.  With an estimated trial date in this case of September 2012  – a period of more than three years after her alleged termination in 2009, plaintiff's alleged back pay alone during that period would be approximately $33,000, and that does not include the value of lost benefits.

3

If *front pay* (i.e., lost wages from the date of trial into the future) is added to that sum at the rate of $11,000 per year, plaintiff's alleged lost wage damages alone could easily approach the $75,000 jurisdictional minimum.

11.    Moreover, compensatory damage awards for emotional distress and pain and suffering in gender, race, national origin, and retaliation discrimination cases in New Jersey also indicate that the amount in controversy exceeds $75,000, especially when combined with the alleged lost wages.

12.    Finally, punitive damage awards under the NJLAD often run into the six figures. See Rendine v. Pantzer, 141 N.J. 292, 297, 313-17 (1995) (upholding punitive damage awards of $250,000 and $250,000 to two plaintiffs).

13.    Based on Plaintiff's intention to seek the above-mentioned categories of damages, it is facially apparent that the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

**Timeliness of Notice of Removal**

14.    Defendant CVS Pharmacy, Inc. first received notice of this lawsuit when it received, through counsel, the Summons and Complaint on August 1, 2011. Removal of this action has occurred within 30 days of such service and is, therefore, timely under 28 U.S.C. §1446(b).

15.    Defendant is simultaneously notifying the Superior Court of New Jersey, Essex County, of the removal of this action.

**Relief Requested**

16.    For the foregoing reasons, defendant CVS Pharmacy, Inc. requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned

action and issue such further orders and processes as may be necessary to bring before it all

parties necessary for the trial of this action.

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP
One Giralda Farms
Madison, New Jersey 07940
Ph. (973) 520-2300
Fax (973) 520-2600
Attorneys for Defendant CVS Pharmacy, Inc.
(improperly pleaded as "CVS Caremark
Corporation")


By: /s Richard M. DeAgazio
       RICHARD M. DeAGAZIO

DATED: August 31, 2011

NWK 240266.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2011, I filed the within Notice of

Removal by CM/ECF, and served a copy of same by overnight mail upon plaintiff's counsel as

follows:


Gregory A. Devero, Esq.
Devero Taus LLC
211 Somerville Road, Suite B
Bedminster, New Jersey 07921
Attorneys for Plaintiff Unoma Nwabuoku


I certify that the foregoing statements made by me are true.  I am aware that if any of the

foregoing statements by me are willfully false, I am subject to punishment.



/s Richard M. DeAgazio
RICHARD M. DeAGAZIO

NWK 240266.1